## Moyer v. Moyer.

*Marriage—Bigamous marriage—Annulment—Counsel fees and alimony pendente lite — Inability to pay — Cruel and barbarous treatment — Act of April 14, 1859.*

1. Upon a petition for counsel fees and alimony *pendente lite* in an action under the Act of April 14, 1859, P. L. 647, to annul a marriage, alleged to have been bigamous, cruel and barbarous treatment of the libellant by the petitioner (respondent), even if established, would be of no merit as a reason for refusing such an allowance.

2. The right of a wife to counsel fees and alimony *pendente lite* is not statutory, but is an outgrowth of the relationship of husband and wife, and pertains as well to actions for annulment as to divorce.

3. A wife who denies the averment of her husband as to the invalidity of their marriage, which he seeks to have annulled, is entitled, if she is without means to contest, to a reasonable allowance for the purpose.

4. The court will not make a vain and useless order for the payment of alimony where the husband is out of employment and without means, but will suspend the rule relating thereto until such time as he may be earning sufficient to justify an order.

Petition for counsel fees and alimony. C. P. Dauphin Co., March T., 1921, No. 59.

*John C. Nissley*, for libellant.

*Beidleman & Hull* and *Paul G. Sherwood*, of Wilkes-Barre, for respondent.

Fox, J., Nov. 28, 1921.—In this case a subpœna was awarded upon the petition or libel presented and filed on March 28, 1921, under the Act of April 14, 1859, P. L. 647. The prayer of the petitioner was to have the marriage which was entered into between him and Margaret Moyer, the respondent, declared null and void, on the ground that she had a husband living, from whom she was not divorced at the time the contract of marriage was entered into between libellant and respondent on Aug. 18, 1910. The subpœna was returned May 30, 1921, as served upon the respondent.

On June 6, 1921, upon the petition of the respondent, a rule was granted upon the libellant to show cause why he should not pay her for counsel fees and alimony *pendente lite*, to which rule the libellant made answer that this is not such a case as entitles respondent to counsel fees and alimony, for two reasons, viz.:

1. By reason of the cruel and barbarous treatment on the part of the respondent towards libellant, she has forfeited her right to counsel fees and alimony.

2. That this is not an action in divorce, but a proceeding for the annulment of a bigamous marriage, and in the latter case there is no authority to direct the payment of counsel fees and alimony *pendente lite*.

The respondent in her answer denies the allegation in the libel contained relating to the illegality of the marriage between them, and accuses the libellant of cruel and barbarous treatment, thereby compelling her to withdraw from his household.

Subsequent to the granting of the rule depositions were taken on behalf of the respondent and the libellant, and they show that the respondent is without a separate estate of her own, and is also without means with which to defend herself in the proceeding to have her marriage annulled, and is without means of subsistence. They also show that the libellant is not much more fortunate with respect to financial matters, and that he is without employment, and although having earnestly endeavored to secure the same, he met with failure, and that he has no income.

1 D. & C.

Moyer *v.* Moyer.

The first reason as laid down by the libellant why he should not be compelled to pay counsel fees and alimony *pendente lite* is without merit. There is nothing which we have before us from which we can conclude that she was guilty of cruel and barbarous treatment, and even if we could so find, we do not see how it could affect this application, because this is not a proceeding in divorce on the ground of cruel and barbarous treatment, but a proceeding for the annulment of a marriage contract, alleged to have been void *ab initio* because the respondent had a living husband at the time and not divorced, which the respondent denies and contests.

The Act of April 14, 1859, P. L. 647, provides as follows: "That in all cases where a supposed or alleged marriage shall have been contracted, which is absolutely void by reason of one of the parties thereto having a husband or wife living at the time, the Courts of Common Pleas shall have power to decree the said supposed or alleged marriage to be null and void upon the application of an innocent or injured party, and the jurisdiction shall be exercised and proceedings conducted according to the principles and forms which are or shall be prescribed by law for cases of divorce from the bond of matrimony."

This statute, under which this proceeding is instituted, was passed for the purpose of having a better and more definite method for judicially determining the legality or illegality of alleged bigamous marriages, and the proceedings are to be conducted in accordance with the principles and forms which the law prescribes for divorce.

We are, as the statute directs, to proceed according to the principles and forms as prescribed in divorce.

The statutes on divorce, as well as that of 1859, relating to annulment of bigamous marriages, are silent as to payment of counsel fees and alimony *pendente lite*. Yet in cases of divorce, when the wife is without means to employ counsel and defray the expenses necessary for her participation in the proceedings, and is without means of support, the husband must supply her with funds to meet such expenses and with means for her support to a reasonable extent. This is not statutory, but is an outgrowth of the relationship existing between husband and wife, and which has not been changed by our laws extending the rights and liabilities of married women, unless the wife has a separate estate of her own or an income sufficient to meet such expenses and to provide for her own maintenance.

In Brown on Divorce, 260, 261, it is laid down that if there is a marriage *de facto*, although a marriage *de jure* be denied, alimony will be allowed.

In the case of Smith *v.* Smith, 24 Dist. R. 527, a case in which the proceedings were similar to this case, it was held that alimony and counsel fees would be allowed.

The husband has started these proceedings; the wife denies the averment of the husband as to the invalidity of their marriage. She purposes to contest, and she is without means to do so, and we think for the proper administration of justice the husband, under the circumstances, should provide her, to a reasonable extent, with the means to contest. He, however, as we have said, is without employment or means at this time to pay her alimony, and, under the circumstances as shown by the depositions, it would be vain and useless at this time to order him to pay alimony. If, however, information shall be given at any time hereafter in a proper way to the court that he is again earning money in a sufficient amount, we will make an order for alimony *pendente lite*.

For the above reasons, the rule is made absolute to the extent that the

Moyer *v.* Moyer.

libellant, Daniel W. Moyer, pay to the respondent, Margaret Moyer, counsel fees, and the amount thereof is fixed at $50; and with respect to alimony, the rule is suspended until the libellant is again earning money in such an amount as will justify an order. The cost of the rule to be paid by the libellant, Daniel W. Moyer.

From William Jenkins Wilcox, Harrisburg, Pa.